UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MEURIS PETERKIN,

              Plaintiff,

    -against-

DIVISION OF LICENSING SERVICES and
DEPARTMENT OF STATE,

             Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-3261 (LDH)(TAM)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Meuris Peterkin, appearing pro se, brings claims against the New York Department of State and the Department of State's Division of Licensing Services ("Defendants"). (*See* Compl., ECF No. 1.) Plaintiff's application to proceed *in forma pauperis* is granted for the limited purpose of this order. (*See* ECF No. 2.) For the reasons that follow, the complaint is hereby dismissed.

## BACKGROUND[1]

Plaintiff alleges that, on January 30, 2023, he submitted a renewal application for an Unarmed Security Guard Registration to the New York Department of State. (Decl. of Meuris Peterkin ("Peterkin Decl.") at 1, 8, ECF No. 1-2.) On February 14, 2023, his supervisor notified him by text message that his license was suspended and that he could not continue to work for his employer until the renewal was processed. (*Id.* at 1, 9.) On February 15, 2023, Plaintiff received a letter from the Department of State's Division of Licensing Services indicating that

---

[1] The following facts taken from the complaint, the Declaration of Meuris Peterkin ("Peterkin Declaration"), and the exhibits attached thereto, are assumed to be true for the purpose of this memorandum and order, unless otherwise stated. The complaint is docketed at ECF No. 1. The Peterkin Declaration, which contains the factual allegations upon which Plaintiff bases his claims, are the related exhibits are docketed at ECF No. 1-2. For ease of reference, the Court cites to the Peterkin Declaration and the related exhibits by the pages assigned by the Electronic Case Filing System ("ECF").

his renewal application was denied because he had not filed proof of the required 16 hours of on-the-job-training.  (*Id.* at 1, 10.)  The letter stated that, to verify the completion of the required training courses, Plaintiff should "begin by contacting the Security Guard Training School to confirm that the training was completed and the appropriate roster was submitted to [the Division of Criminal Justice Services]."  (*Id.* at 10.)  Plaintiff alleges that he submitted an Unarmed Security Guard Registration Application and two Security Guard Training Certificates in 2018—certifying 16 hours of on-the-job training and eight hours of pre-assessment training on October 16, 2018 and October 17, 2018 respectively.  (*See id.* at 2, 12–13.)  Plaintiff received a certificate of completion for an 8-hour annual in-service training course for security guards on January 21, 2023.  (*Id.* at 66.)

On March 15, 2023, Plaintiff filed a Notice of Claim in the New York City Office of the Comptroller, in which he mistakenly alleged that the City of New York, rather than the State of New York, refused to renew his registration for the unarmed security guard license.  (*Id.* at 2, 19.)  A hearing was scheduled for May 30, 2023, and then was cancelled days before the hearing was to be held.  (*Id.* at 2.)  On June 6, 2023, Plaintiff filed a complaint in the New York State Court of Claims against the New York Department of State, alleging that the Division of Licensing Services' "refusal to renew registration for [an] Unarmed Security Guard License" caused him "actual lost wages, future lost wages, [and] emotional distress suffered as a result of the discrimination."  (*Id.* at 3, 33–39.)  Plaintiff also moved for leave to file a late Notice of Claim, explaining that the delay was caused by the proceedings in the Office of the Comptroller.  (*Id.* at 3, 36–39.)  The Court of Claims scheduled a hearing on the motion for July 19, 2023.  (*Id.* at 3, 40.)  The New York Attorney General's Office filed opposition to the motion to file a late claim on July 11, 2023.  (*Id.* at 3, 41-47.)  Plaintiff claims that the late receipt of the opposition

2

made it "totally impossible to adequately respond to the defendant's motion" before the hearing. (*See id.* at 3.) On January 3, 2024, Plaintiff was notified that his motion to file a late claim was denied. (*Id.* at 3, 49-54.) The Court of Claims found that Plaintiff's confusion about where to file his notice of claim was not a valid excuse for his late filing. (*Id.* at 52.) The Court of Claims further found that Plaintiff's claim lacked merit because the Court of Claims did not have jurisdiction to review an administrative agency's determination and because Plaintiff "had an alternative avenue of relief—that is, an administrative hearing before the Division of Licensing" and an Article 78 Proceeding in the New York Supreme Court. (*Id.* at 52-54.)

Plaintiff received his Security Guard Identification Card on July 19, 2023. (*Id.* at 4, 57.) Plaintiff does not indicate whether he submitted any additional materials to the Division of Licensing after his renewal application was denied, but according to Plaintiff, "no explanation or excuse was offered for the delay" in renewing his license. (*Id.* at 4.) Plaintiff alleges that the delay in renewing his license caused him to lose his job. (*Id.*) Plaintiff also alleges that he applied for unemployment benefits, which were initially denied and then were later granted upon rehearing. (*Id.* at 4, 67-70.) Moreover, Plaintiff asserts that the delay in renewing his security guard license caused him to miss an opportunity to take an examination for a Fire and Life Safety Director ("FLSD") license, offered by the New York City Fire Department, on March 1, 2023. (*Id.* at 4.) Plaintiff also alleges that his FLSD Certificate of Completion expired on February 1, 2024, which made it difficult for him to reapply. (*Id.* at 4, 58, 60-65.)

On January 11, 2024, Plaintiff served a Letter of Intent to Sue on the New York Attorney General. (*Id.* at 4, 71-72.) Plaintiff asserts that, by the time that he filed the instant complaint, he had not received any response from the New York Attorney General's office. (*Id.* at 4-5.) Plaintiff brings the instant case pursuant to 42 U.S.C. § 1983, seeking $317,684 in damages "for

lost wages, future lost wages and emotional distress," which resulted from the delay in renewing his security guard license. (Compl. at 6; Peterkin Decl. at 5.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the

4

speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress has created an exception to sovereign immunity. *See Bd.of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (explaining that "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. . . . We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." (internal quotations, modifications, and citations omitted)). Plaintiff has not

5

identified any such waiver of sovereign immunity that would permit Plaintiff to bring suit against the State of New York or any of its agencies because of a delay in renewing a state-issued license.  (*See generally* Compl.; Peterkin Decl.)  Thus, Plaintiff's claims against the New York Department of State and the Department of State's Division of Licensing Services must be dismissed because, as an agency of the State of New York, the Department of State, and its Division of Licensing Services, are entitled to immunity under the Eleventh Amendment.  Accordingly, the Plaintiff's claims for damages against the New York Department of State and the Division of Licensing Services are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, even if Plaintiff's claims were not barred by the Eleventh Amendment, Plaintiff failed to state a claim for a violation of his constitutional rights.  Plaintiff's purported injuries is the Division of Licensing's delay in renewing his Unarmed Security Guard License.  (*See* Peterkin Decl. at 1-5.)  In his prior filing with the Court of Claims, Plaintiff claimed that the injuries caused by the delay in the license renewal were the "result of the discrimination."  (*Id*. at 35-39.)  However, Plaintiff does not state any facts that would support a plausible inference of discrimination sufficient to state a claim under the Fourteenth Amendment or any other provision of federal law.  The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that, "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV; *see also Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("The Equal Protection Clause requires that the government treat all similarly situated people alike.").  Plaintiff does not allege that he was treated any differently than other similarly situated individuals, or that he was subjected to invidious discrimination at the hands of government officials.  (*See generally* Compl.; Peterkin

6

Decl.) Accordingly, to the extent that Plaintiff raises an Equal Protection claim, such claim would be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge

Dated: Brooklyn, New York  
April 23, 2025